UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:13-CV-007-KKC

JESSICA MITCHELL                                                                                   PLAINTIFF

V.                              **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on cross-motions for summary judgment on Jessica Mitchell's appeal of the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion and deny Mitchell's motion because substantial evidence supports the administrative decision.

At the time of her application for SSI, Mitchell was a 26-year-old female with a high school education. AR 19. She has work history as a cashier, fast-food worker, and a certified nurse's aid, and she last worked in April of 2011. *Id*. She alleged disability beginning April 25, 2011, due to seizures and filed her applications for disability insurance benefits and supplemental security income on May 9, 2011. AR 15. Both claims were initially denied on June 10, 2011, and upon reconsideration on August 11, 2011. *Id*. Her request for a hearing was granted, and Administrative Law Judge Don Paris held a video hearing on June 26, 2012, in Lexington, Kentucky, with the Claimant appearing in Hazard, Kentucky. *Id*. Vocational expert Christopher Rymond appeared and testified at the hearing.

1

**STANDARD OF REVIEW**

When reviewing decisions of the Social Security Agency, the court must uphold the agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).  Substantial evidence has been defined as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).   The court reviews the ALJ's traditional five-step analysis.  *See Preslar v. Sec'y of Health & Human Servs*., 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

At step one of the sequential evaluation process, the ALJ determined that Mitchell had not engaged in substantial gainful activity since April 25, 2011, the alleged onset date. AR 17. At step two, the ALJ found that she had a severe impairment of seizure disorder. AR 17. The ALJ found she had a history of endocaditis, status post cardiac cathetherization/biopsy, non-obstructive hydrocephalus, and reports of neck/shoulder injury but that these impairments were not severe. AR 18. At step three, the ALJ determined that these impairments, or combination of impairments, did not meet or medically equal one of the listed impairments found in 20 C.F.R Part 404, Subpart P, Appendix 1. AR 18.

Prior to step four, the ALJ determined that the Claimant had the residual functioning capacity ("RFC") to perform work at the medium exertion level, except that she should avoid climbing ladders, ropes, and scaffolds; avoid all hazards such as unprotected heights and dangerous machinery; and should not drive any moving vehicles or machinery such as a fork-lift.

AR 18. Since the Claimant's past relevant work as a cashier was performed at the light exertional level, the ALJ determined at step four that the Claimant is able to perform past relevant work. AR 21-23. Accordingly, the ALJ found that Mitchell was not disabled and denied her request for benefits. AR 23. Her request for review was denied (AR 7-9) and she commenced this action.

## DISCUSSION

Mitchell challenges the ALJ's ruling on the grounds that he (1) failed to give appropriate weight to her treating physician's opinion, and (2) that his decision is unsupported by the vocational expert testimony at the June 2012 hearing. Because the court concludes the ALJ's decision was supported by substantial evidence her challenges will be denied.

The ALJ properly dealt with the evidence submitted by Dr. Varghese, Mitchell's treating physician. Mitchell sought treatment from Varghese in 2011-2012 and he ultimately concluded that "she is totally disabled and needs help." Generally, the opinions of treating sources are entitled to substantial if not controlling weight. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004). The ALJ is required to give good reasons for rejecting a treating physician's opinion, and the failure to do so can constitute reversible error. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ, however, is not required to give any weight to the conclusory opinion of a treating physician that the claimant is unable to work, since that determination is reserved for the Commissioner. *Vance v. Comm'r of Soc. Sec.*, 260 Fed. App'x 801, 804 (6th Cir. 2008).

In this case, the Court finds that the ALJ's decision to discount the opinion of Dr. Varghese was supported by substantial evidence. The ALJ found that there were limitations on the Claimant's abilities related to the seizures, but that Varghese's opinion was inconsistent with the record as a whole. AR 21. Despite multiple short hospital stays for reported seizures, the

ALJ found that there was not any "significant therapeutic decision making" resulting from these visits. AR 19. Indeed, he noted a lack of specialized treatment. The record reflects that Mitchell received one neurological consult by Dr. Robert Owen in 2009 at UK who reported a "normal exam." *See* AR 767-78 (Ex. 8F). Dr. Varghese referred her to a specialist in West Virginia, Dr. John Kuruvilla. In a letter to Varghese from Kuruvilla dated March 2012, he states "[s]he has most likely nonepileptic seizures from the description," but also reported that her neurological examination is normal. AR 926. State agency reviewer Dr. Hernandez noted that although Mitchell had history of seizures they were controlled by medication. AR 48. He further opined that she could return to her past relevant work as a cashier. AR 47-51. Thus, the ALJ's failure to give Dr. Varghese's opinion controlling weight is supported by the objective medical evidence in the record.

Moreover, the ALJ gave good reasons for rejecting the treating physician, Dr. Varghese's, opinion. The ALJ stated he found the claimant not entirely credible regarding the severity of her seizure disorder. He also determined that her condition can be controlled by medication, which she does not take because she claims it is too costly. AR 21. Nothing in the record indicates that the claimant tried to obtain medical care or to reduce the cost of her medications. In fact, the claimant testified she was treated fairly regularly, every three months, by Dr. Varghese. AR 941. The ALJ also pointed to a February 2012 emergency room visit where the claimant reported multiple seizures. The records of that visit reflected a positive urine drug screen for THC and opiates. AR 921.

The ALJ also found that the claimant's allegations of a disabling seizure disorder were inconsistent with her daily living activities. AR 20. Mitchell testified she lives with her parents and does various household chores. She spends time with her boyfriend and also attends church

and helps with a local youth group. AR 947. Because the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should be given great weight and deference. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In her second issue, Mitchell argues that ALJ's decision is in conflict with the expert testimony from the June 2012 video hearing. At that hearing, the VE testified that jobs existed in the both the local and national economy at the light skill level that the claimant could perform. However, the VE further testified that if he accepted the claimant's assertions at the hearing that she had daily seizures and would be absent from work more than two days per month that no jobs would exist to accommodate her. AR 952-53.

Hypothetical questions to the vocational expert, however, need only incorporate those limitations which the ALJ has accepted as credible. *Casey v. Sec. of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ concluded that her seizure disorder was not as severe as alleged and controlled by medication. Impairments that are controllable or amenable to treatment cannot support a finding of disability. *See Gant v. Comm'r of Soc. Sec.*, 372 Fed. App'x 582, 585 (6th Cir. 2010)(unpublished)(citing 20 C.F.R. § 404.1529(c)). The record does not indicate that Mitchell's seizure disorder imposed any limitations that would preclude her from performing the light-skilled or sedentary jobs identified by the vocational expert. Because the hypothetical question included those limitations that the ALJ found credible, there is substantial evidence to support the Commissioner's determination that Mitchell can perform a significant number of jobs in the national economy. *See Blacha v. Sec. of Health v. Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

**CONCLUSION**

For the reasons set forth above, the Court holds that the ALJ's decision denying the Plaintiff's claim for benefits is supported by substantial evidence. Accordingly,

**IT IS ORDERED** the Plaintiff's Motion for Summary Judgment (R. 11) is **DENIED**; and, the Commissioner's Motion for Summary Judgment (R. 12) is **GRANTED**.

Dated this 8th day of August, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge